IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

NADIA SAMARIA,

Debtor(s).
_____/

Chapter 13

8:09-bk-12497

## CHAPTER 13 PLAN – January 8, 2010

COMES NOW, the Debtors, and submits the following Chapter 13 Plan. The projected disposable income of the debtor is submitted to the supervision and control of the Trustee, and the Debtors shall pay to the Trustee by cashier's check or money in the sum of **$1240.00 for months 1 through 7 and $1540.00 for months 8 through 60.** From the payments so received, the Trustee shall make disbursements as follows:

The fees and expenses of the trustee shall be paid over the life of the Plan at the rate allowed as governed by the guidelines of the United States Trustee and

| *Administrative Claims:* Name of Creditor | Claim Amount | Payment Amount | Payment Months |
|---|---|---|---|
| *L. Todd Budgen, Esq.* | $ 3200.00 | $ 60.00 | 1 – 53 |
|  |  | $ 20.00 | 54 |

**Priority Claims*:*   *None*

| *Secured Claims***:** Name of Creditor | Claim Amount | Payment Amount | Payment Months |
|---|---|---|---|
| *Flagstar Bank* | $ 134,265.00 | $1,050.00 | 1 – 60 |
| *HSBC/MS* | $ 23,786.00 | $ 0.00 | N/A |

| *Secured Arrearages***:** Name of Creditor | Claim Amount | Payment Amount | Payment Months |
|---|---|---|---|

*Liens to be Avoided:*          None

*Unsecured Creditors***:** whose claims are allowed shall receive a pro rata share of the balance of the funds remaining after payments to Priority and Secured Creditors are made. Approximate percentage: 92 %. (Based upon estimated proofs of claim)

*Other Provisions***:**
1. Secured creditors shall retain their liens until their claims are paid in full. Upon payment of the secured creditor's claim in full and upon either entry of the discharge or further application in this court by debtor, the creditor shall record a satisfaction if lien and turnover title to the debtor.

2. The effective date of the plan shall be the date the chapter 13 plan is confirmed.

3. All leases or executory contacts are deemed rejected unless listed above on the first page and payments portion of this plan. If listed above, such leases and executory contracts are deemed assumed.

4. Any claims filed after the claims bar date shall not receive distribution under this plan, unless specifically provided for above.

5. All payments made timely to the trustee shall be deemed to be timely payment to each creditor.

6. All property shall revert in the debtor upon confirmation of the plan. The court shall retain jurisdiction to determine all post-petition costs and attorney's fees associated with the claims filed in this case.

7. In the event that the instant case is converted to a chapter 7, or if it is dismissed, then any refunds that are due to the debtors shall be issued to debtor's counsel to reduce any outstanding attorney's fees.

8. Confirmation of the plan, completion of the plan by debtor and discharge shall impose a duty and legal obligation on the holders and/ or the servicers of any claims secured by liens, mortgages and deeds of trust on residential real property to:

    (A) Apply the payments received from the trustee on the pre-petition arrearages, if any, and only to such arrearages:

    (B) Deem the pre petition arrearages as contractually cured upon completion of the plan and discharge of the debtor, thereby precluding the imposition of late payment charges or other defaulted- related fees and services during the life of the plan based solely on the pre-petition default or defaults;

Apply the direct post- petition mortgage payments, if any, paid by the trustee or by the debtor to the month in which they were designated to be made under the plan or directly by the debtor(S), whether or not such payments are immediately applied to the loan or placed into some type of the suspense, forbearance of similar account;

/s/ L. Todd Budgen

L. Todd Budgen, Attorney for Debtor(s)
Florida Bar No. 0296960

Dated this 8th day of January, 2010.